UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL PATRICK TAYLOR, et al.,

Plaintiffs,

v.

CALCON MUTUAL MORTGAGE, LLC.,

Defendant.

No. 2:26-cv-02633-DJC-SCR

ORDER

Plaintiffs seek a temporary restraining order enjoining the trustee's sale of their property located at 3160 N. Lake Boulevard, Tahoe City, CA 96145. While the Court has substantial doubt that Plaintiffs have demonstrated a likelihood of success on the merits, because Plaintiffs cannot demonstrate a likelihood of irreparable harm absent preliminary relief, Plaintiffs' Motion is denied.

## BACKGROUND

Defendant CalCon Mutual Mortgage, LLC. recorded a Notice of Trustee's Sale with the Placer County Recorder on April 16, 2026, setting a trustee's sale of the property located at 3160 N. Lake Boulevard, Tahoe City, CA 96145 ("the property") for August 12, 2026. (Mot. (ECF No. 4) at 5–6.) The Parties do not dispute that the property is a vacant, undeveloped plot. (*See* Opp'n (ECF No. 7) at 15; Compl. (ECF No. 1) at ¶ 28.)

On August 6, 2026 Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order (the "Motion") asking the Court to enjoin the trustee's sale of the property based on alleged negligence and an alleged breach of the covenant of good faith and fair dealing. (*See* Mot.) The Court ordered a response from Defendant. (*See* ECF No. 5.) Defendant filed an Opposition to Plaintiff's Motion on August 10, 2026, arguing that Plaintiffs have not met their burden to demonstrate that a temporary restraining order is necessary. (*See* Opp'n at 1-2.)

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiffs must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

## DISCUSSION

A plaintiff must satisfy every *Winter* factor in order to obtain the extraordinary remedy of a temporary restraining order. *See All. for the Wild Rockies,* 865 F.3d at 1217 (explaining that all *Winter* factors must be satisfied for a preliminary injunction to issue under both the original *Winter* standard as well as the "sliding scale" variant); *Stuhlbarg,* 240 F.3d at 839, n.7 (standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical.") As Plaintiffs cannot demonstrate that they would suffer irreparable harm from the trustee's sale, a

temporary restraining order may not issue here on that basis. However, the Court will address all the *Winter* factors below.

**I. Likelihood of Success on the Merits**

Although the Court denies Plaintiffs' Motion because Plaintiffs have not demonstrated that they will suffer irreparable harm in the absence of a temporary restraining order, the briefing before the Court also suggests Plaintiffs are not likely to succeed on the merits of their claims for negligence and breach of the implied covenant of good faith and fair dealing.

Based on the briefing before the Court, Plaintiffs' negligence claim is predicated on alleged duties owed to them by Defendant, which Plaintiff asserts are imposed by several provisions of the California Civil Code. (*See* Mot. at 10.) However, two of these provisions (Cal. Civ. Code Sections 2923.55 and 2923.7) only apply to mortgages or deeds of trust secured by a borrower's principal residence. Cal Civ. Code § 2924.15. As discussed below, the property in question is a vacant plot purchased for investment purposes and is therefore not Plaintiff Taylor's principal residence. (*See* Mot. at 13.) Whether Defendant has breached the additional code sections (Cal. Civ. Code Sections 2924.17 and 2943) is subject to a significant factual dispute between the Parties. (*See* Mot. at 10-11; Opp'n at 11-12.) Based on this dispute, as well as the inapplicability of California Civil Code Sections 2923.55 and 2923.7 to the loan secured by Plaintiffs' property, the Court finds that Plaintiffs have not met their burden to show they have a sufficient likelihood of success on the merits of their negligence claim.

The conduct underlying Defendant's alleged breach of the covenant of good faith and fair dealing is also subject to significant factual dispute, with Plaintiff arguing that Defendant failed to accurately account for Plaintiffs' payments, and Defendant asserting that their accounting and reporting was not inaccurate, and that the alleged conduct underlying Plaintiffs' claims was expressly authorized by the loan agreement and Deed of Trust. (*See* Mot. at 11-12; Opp'n at 8, 12.) Based on the Court's

conclusion that Plaintiffs have not established irreparable injury, the Court does not need to resolve the factual dispute regarding the accuracy of Defendant's accounting and reporting at this time. That said, the covenant of good faith and fair dealing may not "be read to prohibit a party from doing that which is expressly permitted by an agreement." *Carma Devs. (California), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 374, (1992). Based solely on the briefing before the Court, the loan agreement and Deed of Trust appear to authorize the kinds of foreclosure proceedings at issue here, absent any facts indicating Plaintiff is not actually in default on the loan agreement. (*See* Taylor Decl. (ECF No. 4-6) Ex. 1 at 2; Ex. 2 at 3-4.) Thus, the Court cannot make a finding that Plaintiffs have established a sufficient likelihood of success on the merits of their claim for a breach of the covenant of good faith and fair dealing. However, nothing in this Order should be construed as conclusively determining the success or failure of the merits of either of Plaintiffs' claims absent discovery and full briefing before the Court.

**II. Irreparable Harm**

Plaintiffs have not met their burden to demonstrate that they will suffer irreparable harm if the trustee's sale proceeds. Plaintiffs argue that the loss of an interest in real property constitutes an irreparable injury, and if the property is sold they will "lose an ownership interest in a real property in which [they have] significant equity." (Mot. at 12.) Defendants argue that the threatened trustee sale does not establish irreparable harm because the property at issue is a vacant commercial development plot, making Plaintiff's asserted injuries principally economic, and therefore able to be compensated through monetary relief if Plaintiffs were to prevail on their claims. (Opp'n at 15.)

Plaintiffs cite *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) and *Sundance Land Corp. v. Community First Federal Savings & Loan Ass'n*, 840 F.2d 653 (9th Cir. 1988) for the proposition that the loss of real property is an irreparable injury. However, these cases are distinguishable from

the facts here. In *Sundance,* the Ninth Circuit found that a particular orchard was "unique" such that monetary damages would be inadequate to compensate the plaintiff for its loss. *See Sundance,* 840 F.2d at 661. And *Park Village Apartment Tenants Ass'n* concerned a district court injunction stopping a landlord from evicting low-income tenants from their residences, a harm which the Ninth Circuit agreed was irreparable. *See Park Vill. Apt. Tenants Ass'n,* 636 F.3d at 1159-60.

Here, the property is a vacant, undeveloped parcel that Plaintiffs purchased as an investment, with plans to build apartments. (Compl. at ¶ 28; Mot. at 13.) It is not Plaintiff Taylor's residence. Further, Plaintiffs have not pled facts to establish that the property is "unique" such that monetary damages would not sufficiently compensate them for the loss resulting from foreclosure, as in *Sundance*. Indeed, when characterizing the losses that will result from the sale, Plaintiffs' Motion emphasizes Plaintiffs' "substantial investment" into the property, as well as their "significant equity." (Mot. at 12-13.) These are financial considerations.

"Mere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984). Courts have found that injuries stemming from the loss of investment or commercial property – rather than a plaintiff's residence – are financial in nature and are therefore not irreparable. *See, e.g. Geneva Ltd. Partners v. Kemp,* 779 F. Supp. 1237, 1241 (N.D. Cal. 1990) (plaintiffs "faced with the loss of commercial, and not residential, property" were "threatened with an economic loss" compensable with damages); *Yamout v. Scapa,* No. 24-cv-08876, 2024 WL 5185324, at *3 (C.D. Cal. Oct. 22, 2024) (finding that loss of an investment property constituted a financial injury redressable by monetary damages).

Thus, Plaintiffs will not suffer an irreparable injury if the trustee's sale proceeds since money damages would provide an adequate remedy for Plaintiffs' losses.

**III. Balance of Equities**

Plaintiffs must establish that the balance of equities tip in their favor. *Winter,* 555 U.S. at 20. To assess this factor, district courts must "balance the interests of all parties and weigh the damage to each." *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1138 (9th Cir. 2009) (citation omitted). The Court finds that both parties are likely to face some hardship in the event a temporary restraining order is issued or denied. Plaintiffs will be damaged by the loss of their ownership interest in the property if the temporary restraining order is denied. If the temporary restraining order is issued, Defendant will face hardship because they will be unable to conduct the trustee's sale at its scheduled time. On balance, the Court finds that this factor weighs in Plaintiffs' favor because loss of an ownership interest in property is more severe than the hardship stemming from delaying a sale.

**IV. Public Interest**

Finally, district courts must consider whether issuing a temporary restraining order would serve the public interest. *See Winter,* 555 U.S. at 20. When an injunction "is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction.'" *Stormans, Inc.,* 586 F.3d at 1138–39 (citing *Berhnardt v. L.A. County,* 339 F.3d 920, 931 (9th Cir. 2003)). Here, because the temporary restraining order being sought appears to be narrowly limited to the parties in the suit, the Court considers this to be a neutral factor.

////

////

////

////

////

////

////

## CONCLUSION

Because Plaintiffs fail to demonstrate that they will face irreparable injury if a temporary restraining order is not issued, the *Winter* factors are not satisfied and Plaintiffs are not entitled to a temporary restraining order at this stage of the proceedings. Accordingly, Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – CalCon26cv02633.tro